RECEIVED

MAY 1 1 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**United States District Court**
**Northern District Of Illinois**
**Eastern Division**

Lois Trask,

Plaintiff,

Vs.

City of Chicago, Police Dept.
Michael Alexander #530, Adams
John Doyle, H. Wilson #17355,
Willie Smith #7344, Alonzo
Javier #18523, C. Janotu #16940,
McNickols #1938, Craig Adams &
Cliff Richardson, Nowaccyk, #1369
Office of Professional Standards,
Willie McGhee & Bradford,
& Unknown Ins. Company,
DEFENDANTS.

No. 05C 2815

JUDGE CASTILLO

MAGISTRATE JUDGE ASHMAN

COMPLAINT AT LAW action of (Tort)

NOW COMES the PLAINTIFF, LOIS TRASK, by and through PRO SE and complains of the Defendants in their personal and professional capacity for violating the Plaintiff's Civil and Human Rights as to the Constitution of the United States of America and for their failure to enforce a Law Judge Court Order involving a decision made removing Natasha Sankey from the property location of 9919 S. Parnell, Chicago, Illinois, on and around April 8, 2004 to April 15, 2004 and certain defendants, police officer's failure to act was "maliciously" done and prompted or accompanied by evil intent or ill will or spite or grudge toward the Plaintiff. Plaintiff states that certain defendant's act or failure to act was "wantonly" done in reckless or callous disregard of, or indifference to, the rights of the Plaintiff and stated on the face of said Court's Order.

Defendants acted or failure to act is "oppressively" done in a manner that injured or

[illegible] person with unnecessary [illegible] property. Said Defendant [illegible] Plaintiff and would not allow [illegible] arrested for criminal trespassing after [illegible] move back in to the Plaintiff's [illegible] Chicago, Illinois. Plaintiff complains [illegible] that took place on or around [illegible] in a timely manner within the two year [illegible] Plaintiff, lastly states that the [illegible] the Plaintiff and in support thereof

[illegible] brought pursuant to the 4th and 14th Amendments [illegible] 1983, 1985 and 1986. Plaintiff also [illegible] deprivation [illegible] and the intentional infliction of emotional distress under the [illegible] of Illinois (735 ILCS 180/1et seq.:755 ILCS 5/27-6)

[illegible] Plaintiff, Lois [illegible] African American Female born and residing in the State of Illinois and the County [illegible] The baby daughter of the Late [illegible] children.

[illegible] officers, Lacdia Roman #3009, [illegible] Sergeant John Doyle H. Wilson, [illegible] #18523, C. [illegible] #16940, [illegible] Bradford, and the City of City

[illegible] United [illegible] official capacities [illegible] all damages [illegible] under their individual and official [illegible]

[illegible] Department, & Offices of Professional [illegible] to uphold the law and [illegible] citizens [illegible] given to the above defendants was [illegible] defendants.

[illegible] State and Government Funds to [illegible] and in this case, harm was caused [illegible] or monitor the actions and or inactions [illegible] That because of the City's failure to [illegible] orders, use professional conduct, not to [illegible] a citizen, this law suit is being filed in [illegible] completed by the Offices of Professional Standards. To date, Plaintiff [illegible] response from a numerous amount of [illegible] of Chicago, failed to properly, select the [illegible] persons for a job, dealing [illegible] and or to monitor or discipline the [illegible] codes/rules to be followed. For [illegible]

[illegible]

[illegible] pursuant to 28 U.S.C. 1331, 1343 and [illegible] States Code [illegible]

[illegible] Division [illegible] 28 [illegible] the conduct of [illegible] principle that [illegible] any relevant evidence leading to [illegible] in this particular case. [illegible]man Co. [illegible] 738 F.2d 830 [illegible]; [illegible] 1970); Muncie Aviation Corp. v. [illegible] [illegible]hocker v. [illegible] [illegible] ([illegible] Cir. [illegible]

[illegible]

[illegible] in the District Court involving some of [illegible] to consolidate this matter with said [illegible] the right [illegible] the Honorable Judge Levin on more than one [illegible] indicated that [illegible] Doyle and others, continued to harass her [illegible] her rights after the filing [illegible] case in the District Court around October 24, 2[illegible] further litigation [illegible] a new case. Since Plaintiff's Motions [illegible] were denied, Plaintiff does not want the [illegible] denial of same, the [illegible] of the [illegible] to Defendant Doyle have been [illegible]

[illegible] of the [illegible] Plaintiff around April 15, 2004, [illegible] to be with happy with her deceased

[illegible] damages, vandalism and theft, by [illegible] are also [illegible] @ 2919 S. Parnell, Chicago, Illinois [illegible] 2004. In [illegible] Police Officers who are being accused [illegible] were involved [illegible] previously on October 12, 2002 [illegible] 911 Call on No[illegible] at the Gatlings Funeral Home and would [illegible] and or allow [illegible] the remains of her father James Trask Sr. [illegible] 11, 2003 [illegible] above mentioned officers on the seen at Gatlings [illegible] Home (pi[illegible] at Gatlings will be presented at trial) [illegible] 2004, [illegible] You sued us and this is what you [illegible] her [illegible] his death. We told you to stay away." [illegible] defendant [illegible] same statement to police officers on or about [illegible] 2004 in front of [illegible] in his response to a call for a Sgt. By the Plaintiff.

**COUNT I**

1. **Defendant:M[illegible] #330, O.P.S**

Officer Alexander, know[illegible] justice by falsely recording in official records and documents false [illegible] light on Plaintiff and defamed her character. Officer Alexander [illegible] recorded that he met with Plaintiff in her home and certain siblings wh[illegible] Alexander and Plaintiff has never seen one another [illegible] or communi[illegible] of one another. Officer Alexander did leave a note next door to [illegible]. Same is to be used as evidence. Officer Alexander did with [illegible] the plaintiff, completed alleged false [illegible] the OPS and [illegible] alleged siblings that had he

investigated and or verified their State I.D. he would have submitted the correct living address of all siblings on his reports. Some of the witnesses names on his reports gave affidavits that he never talked to them.

However, Alexander did leave a note on a neighbors door addressed to Lois Stidwell, Jones on November 4, 2002 at 12:15 p.m. and no other communication ever took place. No complaint to OPS was ever given by a Lois Stidwell and he falsified his reports in order to cover up the wrong that had been done the Plaintiff.

A. Even, though, Defendant Alexander is not being accused of certain unlawful acts on or around April 15, 2004 he is guilty in providing evidence on some former occasion of witness statements made that are inconsistent with the statements on names and addresses of former affidavits, police reports and drivers licenses of the witness that he alleged to have interviewed. Defendant Alexander made up his reports to damage the credibility of the Plaintiff and not to establish the truth of the matters contained in the O.P.S. prior complaint.

B. Plaintiff complains that if Defendant Alexander had done a pertinent investigation and actual evidence presented in his report a different decision might have been made regarding the complaint against the defendants with O.P. S.

Plaintiff will show at trial that the preponderance of evidence should entitle her to punitive and exemplary damages. Further that the acts of Defendant, Alexander was an "Evil Motive or Reckless or Callous Indifference" and that this defendant's actions must have been maliciously or wantonly or done.

A. Award compensatory damages to the Plaintiff and against Defendant Alexander, severally in an amount agreed upon by the trier-of fact;

B. Award hedonic damages to the Plaintiff and again the defendant and severally in an amount agreed upon by the trier-of fact;

C. Award Plaintiff compensatory and punitive damages.

D. Award such other relief as this Court deems just, proper and equitable.

E. Plaintiff request punitive and exemplary damages, in order to punish defendant for some extraordinary misconduct and to serve an example or warning to others not to engage in such conduct.

WHEREFORE, PLAINTIFF PRAYS FOR RELIEF REQUESTED TO BE GRANTED UPON A DECISION OF THE COURT OR AND THE JURY.

**COUNT II**

**DEFENDANTS, DOYLE , ADAMS, BRADFORD, NOWACCY, ROMAN LACOSTE, RICHARDSON, CRAIG, SMITH, ROBINSON & MCNICKOLS & MCGEE ( police officers)**

1. Plaintiff further complains that on April 11, 2004 she was at her DECEASED parent's home at 9919 S. Parnell, Chicago, Illinois and was retaliated against by Officer Adams and Doyle and deprived of Rights, Liberty and pursuant of happiness.

2. At about 11:00 a.m. Plaintiff called 911 for assistance regarding the above mentioned address and enforcement of an eviction by the Cook County Sheriff that took place on 4-5-04.

3. Plaintiff showed the officers an enlarged copy of an court order entered by a Judge granting, Plaintiff the right to enter the property and after presenting same she was not allowed to enter her deceased parents home. A video tape of the entire scene is available and will be used as evidence with the court's permission taken around 4/5/04.

4. That Defendants, Cliff Adams, Robinson and Doyle called Plaintiff a fraud and stated that all of the document in 04-M1 702790 and Order For possession signed by the Honorable Judge Dennis Morrissey on Feb. 17, 2004 was a made up documents and in order for Plaintiff to enter the property they would need a certified copy and threatened to arrest the Plaintiff for fraud.

5. Plaintiff presented a certified copy of same to defendant, Doyle, Roman, Nowarccy, Lacoste, McGhee, Craig, Richardson, Adams, Bradford and Smith just to name a few. Copies of same were taken at the 111th St. Station and placed in a special file according to the Ltd. In charge and was still the defendants did not obey the courts order as it related and she was not allowed to enter her deceased parent's property at 9919 S. Parnell, Chicago, Illinois and same is verified on said video tape.

6. Defendant,Doyle, the sergeant called to the scene by Defendant Adams, got out of his squad car around April 11, 2004 and said to the two officers, Adams and Bradford, "this is the lady that's sued me for $300,000.00, nothing she says is going to fly".

7. Defendant, Doyle went inside of the property and talked to Natasha Sankey, privately, who had been evicted by the Sheriff of Cook County from 9919 S. Parnell and had moved herself back in Plaintiff's deceased parent's house at 9919 S. Parnell on April 11, 2004. Plaintiff requested that Natasha Sankey be arrested for Crimminal Trespassing and Officer Adams and Bradford and Doyle refused to do so. (See Video Tape to be used at discovery)

8. Defendant, Doyle and Defendant Adams knew that the Cook County Sheriff had evicted Sankey on 4-15-04 because of the Sheriff's Posting, (Sheriff's Eviction

#263284) in that the police dept. was notified before the eviction to place yet, it was said, by the defendants that Plaintiff made up said Eviction Notice and defamed her character.

9. Doyle, McNickols, Robinson, and Adams, acted with aledged serious misconduct and failure to obey a court's order due to their personal dislike and intent to harm the Plaintiff from April 5, 2004 to April 14, 2004 and to date.

10. Officers allowed Natasha Sankey, who was evicted on 4-05-04 by the Cook County Sheriff (Sheriff's Eviction # 263284) to break a window and door and move all of her items back into 9919 S. Parnell, Chicago, Illinois against the Sheriff's Order and the Order from the Honorable Dennis J. Morrissey on 2-17-04.

11. As a proximate result, of the defendants bad behavior, Plaintiff's deceased parent's doors, windows, personal items and security were destroyed, damage to the entire property, door locks, walls, windows garage and the entire dwelling inside and outside. Severe damage and vandalism is still being done to the property at 9919 S. Parnell, Chicago, because the defendants allowed Natasha Sankey, to be on the premises by the above officers Doyle, Adams and Bradford. Each of the officers told Natasha Sankey that she could " Stay until she wanted to leave".

12. Plaintiff states that she was told by neighbors that Natasha Sankey performed sexual acts with the police officers and because she was young and black she was given favor for repayment of sexual acts in addition to drug involvement with certain defendants.

13. That Defendant Adams, Bradford, Robinson and Doyle, threaten to arrest Plaintiff, on April 11, 2004 for allegedly taken papers that he claimed belonged to Natasha Sankey that Plaintiff did not have in her possession.

14. Defendant, Bradford? pulled on the Plaintiff's rental car door while she was driving and said, get out of the car, you're under arrest, we're sick of you.

15. Plaintiff accuses all of the above mentioned defendant's who schemed with Natasha Sankey, did perform bad behavior, unprofessional conduct, defamation of character in addition to a Violation of her 1st. 5th 6th 11th & 14th Amended Rights, Willful and wanton TORT OF CONVERSION of Plaintiff and her deceased parent's heirship property and belongings, belonging to 8 surviving siblings legally and living.

17. That plaintiff complains that all of the above mentioned officers had no probable cause to disobey the court's order giving plaintiff possession of the

18. That plaintiff has been abused by the defendants and deprived of her Civil and Human Rights, defamed her character, bad behavior and Tort of Conversion and for the defendant's refusal to Obey A Court Order entered by a Law Judge.

19. That plaintiff' is poor and cannot afford proper representation.

20. Plaintiff has 7 material witnesses in this case and are willing to testify.

21. That plaintiff states that she is filing this complaint timely and this is not A frivolous complaint and Plaintiff had no intention to waist the court's time.,

22. That Plaintiff would request an injunction against the defendants for her safety and for her immediate family in that pro se litigants persons have been jailed and later discovered dead in jail or died by unknown means and plaintiff fears for her life.

23. That Plaintiff would pray for her safety and a fair day in court.

24. That Plaintiff has a meritorious claim in regards to this case.

25. Plaintiff would also request an injunctive order against the defendants in reframing from their constant threats, harassments, arrest, unnecessary ticketing

retaliation and or etc. until the duration of this case, unless for cause and supported evidence.

25. Plaintiff does not have a criminal background and has never been a threat to society, police officers, family and church members and or otherwise and is only seeking a fair day in court and the enforcement of her Civil Human and Constitutional Rights and alleged conspiracy, unprofessional conduct and bad behavior of the mentioned defendants.

26. Plaintiff 's re-alleges her Civil Rights and Constitutional Rights have been violated and that she has been she is receiving retaliation to date and in addition to this complaint; Plaintiff would request an injunction, preventing the Police Officers from and further retaliation..

27. Police Officers failed to obey the Court's Order that superceded any Order that was in the Police Station's File or and any other order presented to them on date same, in fact, each defendant who was present on the date in mention acted as attorney for Natasha Sankey and in her behalf against The Court's Order. **(See Exh. A,B)** Court's Order and **(See Exh. C )** Sheriff's No Trespassing Sign.

28. That Plaintiff has made several complaints with the Office of Professional Standards to no avail #297137 and states that an abuse of authority is the bottom line in this case and unless this court acts, same will continue with the defendants.

29. That Plaintiff's claim for Conspiratorial Act, and Deprivation of Rights under Color of Law and a Violation of her Constitutional Rights and Civil Rights Violations, Failure to Obey a Court's Order and Tort of Conversion, Conspiracy and Fraud is the just of her complaint for all defendants.

30. That Plaintiff states that certain defendant's took items out of her parent's home as payment for favor given to Natasha Sankey. Natasha Sankey, told Plaintiff in the presence of the Defendant, "Don't you come in this house, I'll have you arrested."

31. Plaintiff states that she is making a claim against the defendant for depriving her of her mother's and father's property at 9919 S. Parnell and forcing her baby brothers to be homeless and jailed mostly because they had no place to live, little educations, no job and are disabled and homeless to date.

32. Plaintiff claims emotional distress, damage to her parent's property, and vandalism to the entire property, located at 9919 S. Parnell, Chicago, Illinois as a result of the actions and in actions of the defendants, Plaintiff has been made to suffer and will continue to suffer stress damages for the rest of her life.

33. Plaintiff states that her Civil Rights and Constitutional Rights were violated and for that the Federal Court does have original jurisdiction. (See 28 U.S.C 1367 ©(3).

34. Appointment of Counsel is requested and plaintiff would pray that the court would allow her to represent herself Pro Se with co-counsel.

35. Plaintiff, states that she was threaten to be placed in jail for no reason and same is on Video Tape ( to be used for discovery and or upon request) by the defendants.

36. Plaintiff suffers as an immediate result of the defendant's conspiracy and Tort of Conversion, Bad Behavior, Unprofessional Practices and Conspiracy.

not bad and that she has only named the bad ones in said case at bar.

30. Plaintiff accuses all of the defendant's of Bad Behavior and other tort to properly train their Police Officers to obey Court Orders and to not deter from same, without permission of the court actions as mentioned in this complaint.

WHEREFORE, Plaintiff pray that this Court find that defendants, Doyle, Adams, Robinson and McNickols, and Bradford, failed to obey a court's order and deprived Plaintiff of her right to her property, privacy and the pursuant of happiness secured by the Fourth and or the Fourteenth Amendment to the Constitution of the United States, Tort of Conversion and grant the following relief:

A. Award compensatory damages to the Plaintiff and against each defendant jointly and severally in an amount agreed upon by the trier-of fact;

B. Award hedonic damages to the Plaintiff and again the defendants jointly and severally in an amount agreed upon by the trier-of fact;

C. Award Plaintiff compensatory and punitive damages.

D. Award such other relief as this Court deems just, proper and equitable.

E. Plaintiff request punitive and exemplary damages, in order to punish defendants for some extraordinary misconduct and to serve an example or warning to others not to engage in such conduct.

F. Plaintiff would also request an injunctive order against the defendants in their constant threats, harassments, arrest and or etc. until the duration of this case, unless for cause and supported evidence.

**COUNT III**

**CITY OF CHICAGO POLICE DEPARTMENT**

1. Plaintiff includes the City of Chicago on this complaint, in that they failed

2. Plaintiff states that the City of Chicago is responsible for the actions and or inactions of their police officers and because of their refusal to obey an Up To Date,

Court's Order, they should have been disciplined yet in stead same is covered up by the O.P.S. (Office of Professional Standards) In the case at bar the defendants standards were not in accordance with law.

3. Plaintiff again states that the City of Chicago, Police Department allowed the Defendants violate Plaintiff's Constitutional and Civil Rights and the City of Chicago, Police Department and Office of Professional Standards, should have been forced to follow their code of standards and not sway from same and or to monitor their employees to ascertain that they are doing the job in accordance to their training and not for special, personal needs.

4. Plaintiff states that the City of Chicago, failed to evaluate the actions of certain officers and eventually, punish or to fire them.

5. Plaintiff realizes that all officers are not bad officers and in this complaint she decided to name just a few of the bad ones.

6. Plaintiff accuses the City of Chicago in allowing bad behavior of all of the defendant's in their combine Tort Acts and Conspiracy.

7. Plaintiff accuses the City of Chicago for the damages done to the property mentioned on this complaint which is still occurring and is a total loss.

8. Plaintiff states that the Defendant should be responsible for the Bad Behavior and other tort and unprofessional acts of their employees, defendants.

9. Plaintiff States that the City's failure to properly train their Police Officers to obey Court Orders and to not deter from same, without permission of the court actions as mentioned in this complaint, should have never taken place.

10. Plaintiff states that the City's, Defendant's failure to Obey a Court's Order

should never be accepted by anyone accept another law judge.

WHEREFORE, Plaintiff, Lois Trask, prays for judgment compensatory and punitive damages against each of the defendant's in the amount in excess of $500,000.00, plus court cost and necessary repairs on the above mentioned deceased parent's property along with any and all other orders that this Honorable Court and this Honorable Judge deems Just and Necessary and for this she shall forever pray.

For the Plaintiff
Lois Trask
7776 S. Coles Avenue
Chicago, Illinois 60649
773-734-7238

Affidavit

I Lois Trask, under oath do state that the information in the above motion is the truth and nothing but the truth and that if called to testify in court would state same.

Affiant further sayeth not:

Lois Trask 5-10-05

For the Plaintiff - Pro Se #99500
Lois Trask
7776 S. Coles Avenue
Chicago, Illinois 60649 773-734-7238

Plaintiff EXh. A

CCM-N114-REV. 4-11-01-50M-(03420216)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT/ ____________ DISTRICT

Lois TRASK Plaintiff(s)

v.

NATAShA SAnKey ETAl - Unknown Occupants Defendant(s)

No. 04-Mi 702790

## ORDER FOR POSSESSION

This cause coming on to be heard upon the complaint of the Plaintiff(s), Lois TRASK, and the issues thereof having been heard and determined by (court) (jury) and said (court) (jury) having found that the Plaintiff(s) Lois TRASK is/are entitled to the possession of the premises described herein.

IT IS THEREFORE ORDERED AND ADJUDGED:

1. That the Plaintiff(s) have and recover of and from the Defendant(s), NATASHA SAnKey All Unknown Occupants, the possession of the following described premises:

Name:

Address: 9919 S. PArnell Ave - Chicago

Floor - Apt. No: House

City - State - Zip: Chicago, IL. 60628

2. That the Plaintiff(s) have and recover of and from the Defendant(s), premises - the sum of 0 dollars and costs.

3. Enforcement of this judgment is stayed until 2-24-04 (date).

I hereby certify [illegible] be correct.

Dated: [illegible] (Seal of Clerk of Circuit Court)

Clerk of the Circuit Court of Cook County, Illinois

STAY EXTENDED FEB 25 2004

This order is the command of the Circuit Court and violation thereof is subject to the penalty of law.

Atty. No.: 99500

Atty. Name: Lois TRASK

Attorney for Plaintiff (or Pro Se Plaintiff):

Address: 7776 S. Oglesby

City/State/Zip: Chicago, IL. 60649

Telephone: 773-734-7238

DATE ENTERED: 2-17-04

ENTER: Judge Dennis J. Morrissey #1777 JUDGE JUDGE'S NO.

FEB 17 2004

Circuit Court 1777

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ORDER

DUPLICATE ORIGINAL

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Lois Tracy, Plaintiff

v.

Natividad Sanchez, Defendant

No. 04 M1 [illegible]

ORDER

This matter coming to be heard on the Plaintiff's Motion for vacate the Order entered on May 3, 20[illegible] with proper notice having been given and the Court having jurisdiction over said matter, the court aware of the motion [illegible]

It is Ordered:

1. Plaintiff's motion [illegible]

[illegible]

Judge Anthony Lynn Burrell

MAY 17 2004

Circuit Court 1849

Atty. No. : [illegible]

Name : [illegible]

Atty. for : [illegible]

Address : [illegible]

City/State/Zip : [illegible]

Telephone : [illegible]

ENTER :

Judge Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

CCG N002-200M-1/24/03 (53350029)

Plaintiff's Exh. C

# Office of the Sheriff of Cook County

Michael F. Sheahan, Sheriff
Richard J. Daley Center
50 West Washington Street, Room 701
Chicago, Illinois 60602

# NO TRESPASSING

**ALL PERSONS HAVE BEEN EVICTED FROM THESE PREMISES**

In accordance with the order of the Circuit Court of Cook County, case number 04M1702790, possession has been delivered to: LOIS TRASK

If you enter without permission of the owner, you may be prosecuted for criminal trespass, which is punishable by a fine not to exceed Five Hundred Dollars ($500.00) and/or thirty (30) days in jail.

[ Chapter 720 Illinois Compiled Statutes Paragraph 5/21-3]

Dated: 05, April 04