F I L E D
ⲛ0V 7 2007
NOV 7 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals
For the Seventh Circuit
Chicago, Illinois 60604

Submitted August 15, 2007[*]
Decided August 30, 2007

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-4237

| | |
|---|---|
| LOIS TRASK,<br>*Plaintiff-Appellant,*<br><br>*v.*<br><br>CITY OF CHICAGO, et al.,<br>*Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 05 C 2815<br><br>Ruben Castillo,<br>*Judge.* |

## ORDER

Lois Trask sued the City of Chicago and several police officers claiming under 42 U.S.C. § 1983 that they violated the Fourth Amendment and her rights to due process and equal protection. Trask alleges that the police officers refused to enforce a court order she obtained to evict a "squatter" from her property and instead threatened her with arrest when she called for their help. Trask filed an amended complaint to this effect in September 2005, but when she failed to attend a

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

scheduled hearing in late October, the district court dismissed her complaint without prejudice for want of prosecution. The court gave Trask four weeks to move to reinstate her complaint, and when she did not, the court dismissed the case with prejudice.

In early December, less than ten days after entry of judgment, Trask moved to reinstate her case. Upon receiving the motion, the district court enlisted attorney G. Flint Taylor to consult with Trask and determine whether she should pursue her lawsuit. In March 2006 Taylor withdrew due to a conflict of interest but told the court that Trask's "allegations, if credible, might support a claim of discriminatory failure to provide police services" if she could show that she had a sufficient property interest at the time the police allegedly failed to evict the squatter. Taylor was replaced by a second appointed attorney, who in late April also withdrew due to a conflict of interest.

In August 2006 the district court recruited Trask's third and final attorney, Shelley Smith of the law firm Jenner & Block, and directed her to determine whether Trask could file an amended complaint that states a claim. The attorney-client relationship quickly soured: Trask filed a pro se "motion for clarification" in late September asking, among other things, why the judge apparently had told Smith "ex parte" that he rejected Taylor's contention that her case might have legal merit. In mid-October the court held a hearing on Trask's motion, but she did not appear in court.

Later that same month Smith moved to withdraw. She informed the court that an amended complaint should not be filed because Trask's "claims are not warranted under existing law and cannot be supported by a good faith argument for extension, modification, or reversal of existing law." Smith included a memorandum describing the facts of the case and her legal conclusions. She explained that the court file from the eviction proceedings disclosed that Trask's siblings had opposed the eviction order because, in their view, Trask was harassing paying tenants. In fact, at the time the police allegedly refused to enforce Trask's eviction order, her siblings were seeking to have it vacated, and the tenant succeeded in doing so. Trask, though, later got the eviction order reinstated and had the tenant removed from the property. Smith recounted that she and an associate had spent several hours talking with Trask, reviewing the materials she brought, and researching potential claims she could make. Smith explained that Trask could not satisfy the requirements for maintaining a "class of one" equal protection claim, see *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lunini v. Grayeb*, 395 F.3d 761, 770 (7th Cir. 2005), and did not have a claim for relief under either the substantive or procedural components of the Due Process Clause, see *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 755-56 (2005); *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 195-96 (1989).

Trask moved to strike Smith's memorandum and to substitute a new judge. On November 1 the district court conducted a hearing to rule on the various motions, and once more Trask failed to appear. The court allowed Smith to withdraw and dismissed the case with prejudice. Trask appeals.

We cannot conclude that the district court abused its discretion in not allowing Trask to revive her lawsuit. Although initially the court dismissed the action for failure to prosecute, it also went to great lengths to assure itself that Trask has no cognizable claim against these defendants. The events as recounted in Trask's amended complaint and counsel's memorandum would not establish a violation of equal protection. Trask has never claimed that the defendants refused to enforce the eviction order because of her race or gender, nor do her allegations leave room to pursue a "class of one" equal-protection claim. Such claims require, at a minimum, proof that the plaintiff was purposely treated differently from others similarly situated, and Trask does not even suggest that the defendant officers singled her out for less favorable treatment. *See Olech*, 528 U.S. at 564; *Lunini*, 395 F.3d at 770. Neither can Trask claim a violation of due process. The substantive component of the Due Process Clause does not require a state to protect the property of its citizens against invasion by private actors. *See DeShaney* 489 U.S. at 195-96; *Witkowski v. Milwaukee County*, 480 F.3d 511, 512-13 (7th Cir. 2007). And as for procedural due process, Trask does not contend that she possessed a legal entitlement to mandatory enforcement of eviction orders issued by Illinois courts, and the Supreme Court has clearly stated that any benefit a third party may receive from having someone else arrested does not implicate due process. *See Gonzales*, 545 U.S. at 755-56, 766-67. Moreover, a district court may exercise its discretion to deny leave to amend pleadings if the proposed claim would be futile. *See Perry v. First Nat'l Bank*, 459 F.3d 816, 823 (7th Cir. 2006); *Util. Audit, Inc. v. Horace Mann Serv. Corp.*, 383 F.3d 683, 688 (7th Cir. 2004).

AFFIRMED.